# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL HARDY,

    Plaintiff,

v.

BUHPINDER SINGH, GRK TRANSPORT LLC, LUCKY TRANSPORT LLC; AONE BROKERAGE LLC and DOES I-X,

    Defendants.

SCOTT THAYER and CINDY THAYER, natural parents and wrongful death heirs of the deceased, COLE THAYER,

    Plaintiffs,

v.

BUHPINDER SINGH, GRK TRANSPORT LLC, LUCKY TRANSPORT LLC; AONE BROKERAGE LLC and DOES I-X,

    Defendants.

Case No.: 3:23-cv-00207-ART-CSD

**Order**

Re: ECF No. 62

    Defendant AONE Brokerage LLC (AONE) filed a motion regarding discovery dispute. (ECF No. 62). Plaintiffs jointly filed an opposition. (ECF No. 67). For the reasons discussed below, AONE's motion regarding discovery dispute is denied.

## I. BACKGROUND

    This case involves a fatal vehicle accident between a tractor-trailer and passenger vehicle that occurred on July 22, 2022. On July 28, 2023, Case No. 2:22-cv-01566-ART-CSD was consolidated into Case No. 3:23-cv-00207-ART-CSD. Plaintiff Daniel Hardy was the passenger

in the vehicle driven by Cole Thayer, son of Plaintiffs Scott and Cindy Thayer, who are pursuing a wrongful death action.

This case is proceeding against multiple defendants. Amandeep Singh (Mr. Singh) is the sole owner of AONE and was previously deposed in this case as AONE's designated Rule 30(b)(6) corporate representative on November 12, 2024. (ECF No. 62 at 2.) On February 18, 2025, Plaintiff served deposition notices for Mr. Singh in his personal capacity for March 10, 2025. (*Id.* at 3.)

On March 4, 2025, AONE filed a motion regarding discovery dispute pursuant to the court's standing order. (ECF No. 62.) AONE argues that because Mr. Singh has already been deposed in his corporate capacity under Rule 30(b)(6), deposing him in his personal capacity would "only serve to duplicate the information already provided and impose an unnecessary burden on [] Mr. Singh." (*Id.* at 2-3.) AONE further argues that because Mr. Singh is the sole owner of AONE, his personal knowledge is "inseparable" from that of the corporation and thus an additional deposition is unnecessary and redundant. (*Id.* at 3.)

Plaintiffs jointly opposed the motion. (ECF No. 67.) Plaintiffs argue the motion should be denied because AONE inappropriately waited until the deposition date had almost arrived to file the discovery motion and that a compromise was available during their meet and confer efforts (*Id.* at 2.) Plaintiffs also argue the motion should be denied on substantive grounds because the case law does not support AONE's position, and AONE did not provide sufficient support for their claim that Mr. Singh's "personal knowledge was tapped out in the 30(b)(6) deposition on November 12, 2024." (*Id.* at 2-4.)

On March 5, 2025, Defendant Lucky Transportation LLC (Lucky) filed a joinder to AONE's motion, seeking to prevent the deposition of Lakhwinder Singh using "the argument

and case law presented in AONE Brokerage's Motion." (ECF No. 64 at 5.) Plaintiffs oppose the joinder, arguing the motion should be denied for failure to comply with the local rules. (ECF Nos. 65, 66.) Local Rule IA 1-3(f)(2) provides that a declaration must state all meet and confer efforts, including the time, place, manner, and participants, and contain a certification that despite sincere efforts to resolve or narrow the dispute, the parties were unable to do so. The failure to comply with this rule is grounds for denial of the motion. LR IA 1-3(f)(4). Additionally, discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet and confer conference about each disputed discovery request. LR 26-6(c). Thus, Lucky's motion for joinder (ECF No. 64) is denied for failure to provide a declaration establishing any meet and confer attempts.

## II. DISCUSSION

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). Rule 26(c) provides that "a party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1); *see also Bowers v. Mortgage Electronic Registration Sys., Inc.*, 2011 WL 6013092, at *3 (D. Kan. Dec. 2, 2011) ("A party seeking to preclude a Rule 30(b)(6) deposition may apply to the court for a protective order under Federal Rule of Civil Procedure 26(c)(1)"). Pursuant to the Rule, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

1206, 1210-11 (9th Cir. 2002); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (court may enter a protective order only upon a showing of good cause).

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity." *Sabre v. First Dominion Capital, LLC*, No. 01-CIV-2145-BSJ-HBP, 2001 WL 1590544 at *2 (S.D.N.Y. Dec. 12, 2001). The Rule 30(b)(6) deposition is "a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying." *Id.* at *1. No leave of court is needed if a 30(b)(6) witness is then deposed in his or her individual capacity. *Stoba v. Saveology.com, LLC*, 2015 WL 13828736 at *2 (S.D. Cal. July 6, 2015) (citing *Pecover v. Elec. Arts, Inc.*, 2012 WL 951255, at *3 (N.D. Cal. Mar. 20, 2012). A protective order is only appropriate when there is evidence that a party is misusing the Rule 30(b)(6) deposition to harass or unreasonably burden the opposing party, or to subject the opposing party to unreasonably burdensome, cumulative, or duplicative discovery. *SF 2402 LLC v. B.F.B., Inc.*, No. 21-cv-906-GPC-DDL, 2023 WL 116338 at *1 (S.D. Cal Jan. 5, 2023) (citing *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012)).

AONE argues that because Mr. Singh's Rule 30(b)(6) deposition "already provided comprehensive and exhaustive testimony on all relevant aspects of the case, including the incident in question and his dealings with Lucky Transport[,]" any further deposition would be duplicative. (ECF No. 62 at 3.) However, multiple "[c]ourts have rejected the argument that a Rule 30(b)(6) deposition is unnecessary or cumulative simply because individual deponents ... have already testified about the topics noticed in the Rule 30(b)(6) deposition notice." *SF 2402*

4

*LLC v. B.F.B., Inc.*, No. 21-cv-906-GPC-DDL, 2023 WL 116338 at *1 (S.D. Cal Jan. 5, 2023) (quoting *Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012)); *see Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF (VKD), 2022 WL 4099217 at *2 (N.D. Cal. Sept. 7, 2022) ("The mere fact that individual witnesses have testified regarding subject matter that is within the scope of the notice does not make the County's Rule 30(b)(6) deposition notice unreasonably duplicative.") Further, in *Sabre*, a case heavily relied upon by AONE in support of their position, the court held that a 30(b)(6) deposition of a witness is a *separate* deposition from the deposition of that same person as an individual witness and is *presumptively subject to a separate, independent seven-hour time limit*. 2001 WL 1590544 at *2. The court merely noted that "if the questioning at any deposition becomes repetitive or is otherwise being conducted in an oppressive manner, the aggrieved party can always make application for a protective order." *Id.* (emphasis added).

      Here, it is unclear whether the testimony would, in fact, be repetitive. AONE's central argument is that because Mr. Singh previously testified that he did not know the owners of Lucky Transport or met Bhupinder Singh, he has "clearly establishe[d] that he has no additional personal knowledge regarding the events at issue beyond what he has already disclosed in his corporate capacity." (ECF No. 62 at 2-3.) However, Plaintiffs argue that an expert report produced by AONE on February 6, 2025, provides "significant areas of deposition questions for Mr. Singh." (ECF No. 67 at 2.) As Mr. Singh was previously deposed on November 12, 2024, it is reasonable to assume that the questions prompted by this report were not asked during his Rule 30(b)(6) deposition and therefore would not be repetitive.

      Additionally, Plaintiffs represent that Mr. Singh's individual deposition is scheduled on the same day as the deposition of Lakhwinder Singh to purposefully "keep the time limited for

each deposition." (*Id.* at 4.) From this representation, it is reasonable to infer that Plaintiffs do not intend to utilize the entirety of the "separate, independent seven-hour time limit" to which they are entitled. *Sabre,* 2001 WL 1590544 at *2. This weighs against a finding that the scheduled deposition of Mr. Singh in his individual capacity would be unduly burdensome. *SF 2402 LLC*, 2023 WL 116338 at *1.

Based on the information provided by the parties, AONE has not met their burden of showing that the deposition of Mr. Singh in his individual capacity would be unduly burdensome, repetitive, or duplicative. *Phillips*, 307 F.3d at 1210-11. As good cause has not been established to support the issuance of a protective order, AONE's motion regarding discovery dispute is denied and the deposition of Mr. Singh in his individual capacity shall proceed as scheduled. *Foltz*, 331 F.3d at 1130.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that AONE's discovery motion (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Lucky's motion to join the discovery motion (ECF No. 64) is **DENIED without prejudice** and with leave to refile.

**IT IS SO ORDERED**.

Dated: March 11, 2025

_____
Craig S. Denney
United States Magistrate Judge